**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF HAWAII

_____ DIVISION

*(Write the District and Division, if any, of*
*the court in which the complaint is filed.)*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 1 9 2017

at __3__ o'clock and __30__ min __P__ M
SUE BEITIA, CLERK

---

RICHARD  J.  SANDOWSKI
_____
_____

*(Write the full name of each plaintiff who is filing*
*this complaint. If the names of all the plaintiffs*
*cannot fit in the space above, please write "see*
*attached" in the space and attach an additional*
*page with the full list of names.)*

-against-

SEE ATTACHED
_____
_____

*(Write the full name of each defendant who is*
*being sued. If the names of all the defendants*
*cannot fit in the space above, please write "see*
*attached" in the space and attach an additional*
*page with the full list of names.)*

**Complaint for Employment**
**Discrimination**

Case No. CV17  00469  SOM
RLP
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☐ Yes   ☐ No
*(check one)*

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name — RICHARD J. SANDOWSKI

Street Address — 175 IWALANI ST

City and County — HILO, HAWAII COUNTY

State and Zip Code — HAWAII 96720

Telephone Number — (808) 649-0042

E-mail Address — rich_sandowski@hotmail.com

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

Name — JOHN F. KELLY

Job or Title (if known) — SECRETARY, DEPARTMENT OF HOMELAND SECURITY (TRANSPORTATION SECURITY ADMINISTRATION)

Street Address —

City and County —

State and Zip Code —

Telephone Number —

E-mail Address (if known) —

Defendant No. 2

Name — DOUG ROLEFSON

Job or Title (if known) — SUPERVISOR TRANSPORTATION SECURITY OFFICER

Street Address — LANAI AIRPORT - LNY

City and County — LANAI CITY, MAUI COUNTY

State and Zip Code     HAWAII     96763
Telephone Number
E-mail Address
(if known)

Defendant No. 3

Name     GENOA   LOPEZ
Job or Title     TRANSPORTATION SECURITY OFFICER
(if known)
Street Address     LANAI AIRPORT - LNY
City and County     LANAI CITY,   MAUI COUNTY
State and Zip Code     HAWAII     96763
Telephone Number
E-mail Address
(if known)

Defendant No. 4

Name     JOAN DE LA CRUZ
Job or Title     SUPERVISOL TRANSPORTATION SECURITY OFFICER
(if known)
Street Address     LANAI AIRPORT - LNY
City and County     LANAI CITY,   MAUI COUNTY
State and Zip Code     HAWAII     96763
Telephone Number
E-mail Address
(if known)

**C.   Place of Employment**

The address at which I sought employment or was employed by the defendant(s)
is:

Name     TSA LANAI - LNY
Street Address     LANAI AIRPORT - LNY
City and County     LANAI CITY     MAUI COUNTY
State and Zip Code     HAWAII     96763
Telephone Number

3 A

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. 5

Name MARC MYAKAWA

Job or Title SUPERVISOR TRANSPORTATION SECURITY OFFICER
(if known)

Street Address LANAI AIRPORT - LNY

City and County LANAI CITY    MAUI COUNTY

State and Zip Code HAWAII    96763

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. 6

Name STAN TADAKI

Job or Title ASSISTANT FEDERAL SECURITY DIRECTOR
(if known)

Street Address LANAI AIRPORT - LNY

City and County LANAI CITY    MAUI COUNTY

State and Zip Code HAWAII    96763

Telephone Number _____

E-mail Address _____
(if known)

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

Name _____

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

3 B

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

_____

☐ Relevant state law *(specify, if known)*:

_____

☐ Relevant city or county law *(specify, if known)*:

_____

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐   Failure to hire me.
- ☒   Termination of my employment.
- ☐   Failure to promote me.
- ☐   Failure to accommodate my disability.
- ☒   Unequal terms and conditions of my employment.
- ☒   Retaliation.
- ☒   Other acts *(specify)*:   PERJURY OBSTRUCTION OF JUSTICE, PHYSICAL ASSUALT ABUSE OF AUTHORITY

   *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)
Between October 2004 and August 2006. PHYSICAL ASSAULT ON AUGUST 11, 2006.

C.   I believe that defendant(s) *(check one)*:

- ☐   is/are still committing these acts against me.
- ☐   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒   race   CAUCASIAN
- ☐   color
- ☐   gender/sex
- ☒   religion   CATHOLIC
- ☐   national origin
- ☐   age.  My year of birth is _____.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- ☐   disability or perceived disability *(specify disability)*
   _____

E.   The facts of my case are as follows.  Attach additional pages if needed.

5

DOUG ROLEFSON REFUSED TO PROVIDE ACCOMODATIONS AS A CATHOLIC. I WAS TOLD TO USE ANNUAL LEAVE TO ATTEND CHURCH SERVICES. PAY ROLL ERRORS ARE NOT CORRECTED. DOUG ROLEFSON YELLED AT ME MANY TIMES. I SAW DOUG ROLESON AND GENOA LOPEZ FIGHTING IN THE TSA OFFICE. I SAW DOUG ROLESON PROVOKE GENOA LOPEZ LEADING TO PHYSICAL ASSULT IN THE TSA OFFICE ON AUGUST 11 2017

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)* ADDITIONAL INFORMATION IS INCLUDED.

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

_____

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☐ issued a Notice of Right to Sue letter, which I received on *(date)*

_____

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

REINSTATEMENT
BACK PAY FOR WAGES AND BENEFITS
MADE WHOLE — PHYSICAL ASSAULT DOES NOT GO AWAY.
I HAVE ALWAYS ANTICIPATED A WORKABLE RESOLUTION THAT
IS POSITIVE AND MUTUAL.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: JULY 21 , 2017.

Signature of Plaintiff   Richard J. Sandowski

Printed Name of Plaintiff   RICHARD  J.  SANDOWSKI

7

**B.**     **For Attorneys**

Date of signing: _____, 20__.

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |

Richard J. Sandowski
175 Iwalani Street
Hilo, Hawaii 96720-5467
(808) 649-0043
sandorich2008@yahoo.com

February 29, 2016

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

**APPEAL TO EQUAL EMPLOYMENT OPPORTUNITY COMMISSION February 10, 2016**
**APPEAL TO EEOC Agency Number  HS-06-TSA-004442**

To Whom It May Concern:

I need to appeal the decision of the EEOC Case Number HS-06-TSA-004442.

Religious Discrimination was originally reported in HS-05-TSA-001831

August 11, 2006 I was physically assaulted by Genoa Lopez, Supervisor, TSA Officer.
Doug Rolefson confirms this.

**I need to appeal the decision of the EEOC Case Number HS-06-TSA-004442 for the following twenty (20) reasons below:**

1) Doug Rolefson, Supervisor TSA Officer, is guilty of perjury and obstruction of justice when he testified, "There might have been a slight brush..." On May 17, 2014 (May 7, 2014 page 316 line 18)

   Genoa Lopez testified, ""...obviously we were close to each other." (May 7, 2014 page 381 line 6)

   Doug Rolefson was shaking uncontrollably.

   I asked Administrative Judge Larry Abrams if he could see Doug Rolefson shaking on the video. Administrative Judge Larry Abrams needed to see Doug Rolefson testify in person to see him shaking as he testified.  It is obvious Doug Rolefson was lying under oath and guilty of perjury.

   Doug Rolefson never reported the physical altercation according to TSA policy.

   Doug Rolefson had the opportunity to report violence in the work place to Ben Samonte, Lanai Airport Law Enforcement Officer on August 11, 2006.

Doug Rolefson did not report Genoa Lopez brushed against me to Stan Tadaki, Assistant Federal Security Director on August 11, 2006.

Doug Rolefson did not report Genoa Lopez brushed against me to Lanai City Police Department.

Doug Rolefson said there is no police report Attorney Nuguyen confirmed there is a police report. (May 7, 2014 page 298 line 14)  I did file a police report.

Doug Rolefson did not report Genoa Lopez brushed against me to the Office of Internal Affairs.

TSA has a policy of zero tolerance regarding violence in the work place.  TSA does not allow a supervisor to touch a TSA Officer or step towards them.

I would still be employed as TSA Officer if Doug Rolefson would have reported that Genoa Lopez brushed against me on August 11, 2006.

Genoa Lopez approached me and pushed into me and is in violation of TSA policy.

Genoa Lopez stepped towards me and pushed into my body three times.

Doug Rolefson told Genoa Lopez, "Let him go." After Genoa Lopez assaulted me three times.

"Genoa let him go." (May 7, 2014, page 295 line 2)

Doug repeats the statement "I said it's possible." (Genoa Lopez brushed against me.) (May 7, 2014 page 318 line 10 and 11)

Doug Rolefson said there is no police report Attorney Nuguyen confirmed there is a police report.

Stan Tadaki was never informed that Genoa Lopez was brushing against me on August 11, 2006.

Doug Rolefson and Genoa Lopez are guilty of perjury testifying that Genoa Lopez never approached me or pushed in to me on August 11, 2006.

I needed legal representation.

I told Stan Tadaki I needed legal representation at the time of the incident and on Sunday, August 13, 2006 when I made a written report.

There are no lawyers in Lanai City, Hawaii.

2) Doug Rolefson is guilty of perjury and obstruction of justice when he makes the statement, "I never saw Genoa Lopez angry or upset."

When asked, "Did Genoa ever get in your face and screaming and yelling at you?" (May 7, 2014 page 283 line 15 and 16)

A      No.      (May 7, 2014 page 283 line 17)

Q      Not on that day?        (May 7, 2014 page 283 line 18)

A      No        (May 7, 2014 page 283 line 19)

Q      Not ever?        (May 7, 2014 page 283 line 20)

A      No      ( May 7, 2014 page 283 line 21)

Doug Rolefson answers a question stating "Yes. It obviously doesn't go into details of the conversation, but there was no physical altercation." (May 7, 2014 page 285 line 14 to 16)

Q      "did you report violence in the workplace in regard to the incident on August 11, 2006?" (May7, 2014 line 3 to 5)

A      Doug Rolefson  "No, because there wasn't any violence in the workplace that I observed." ( May 7, 2014 page 298 line 6 to 8)

Doug Rolefson contradicts himself.

There is a report that says Genoa Lopez was upset on August 1, 2005 and initiated an altercation with me at TSA Checkpoint, Genoa Lopez admits to the altercation and apologizes, George Maltezo witnessed and reported the incident, Bev Delrosario witnessed the altercation, Joan Dela Cruz reported the incident to Doug Rolefson.  Doug Rolefson testified Genoa Lopez was "not ever" screaming and yelling.  "Not ever." (May 7, 20014 page 283 line 20)

3)   Genoa Lopez, TSA Officer, approached me on August 1, 2005 and screamed at me.  I was harassed by Genoa Lopez on August 1, 2005.  Genoa Lopez was in violation of TSA policy for harassment and discrimination on August 1, 2005.

There is a report and testimony that substantiates my claim.

George Maltezo, TSA Officer, reported and testified Genoa Lopez was upset and heard the altercation at TSA Checkpoint.

Bev Delrosario, TSA Officer, witnessed and reported and testified Genoa Lopez was upset and heard Genoa Lopez screaming at me at TSA Checkpoint.

Both George and Bev testified Genoa Lopez was harassing me at TSA Checkpoint, "Genoa was upset at Checkpoint (George and Bev) witnessed a loud conversation that was initiated by Genoa Lopez and directed at me."

Joan Dela Cruz reported and testified Genoa Lopez was upset. (May 8, 2014 page 250 line 2)

Doug Rolefson never reported this incident to Stan Tadaki, Assistant Federal Security Director, according to TSA policy.

Genoa Lopez is guilty of perjury by falsely testified on Wednesday, May 7, 2014:

Q        And what was the tone of your voice? (May 7, 2014 page 332 line 16 to 18)

A        "Just calm, I just wanted to talk to him" (May 7, 2014 page 332 line 16 to 18)

Genoa Lopez is guilty of perjury by falsely testifying on Wednesday, May 7, 2014:

I was harassed by Genoa Lopez on August 1, 2005 at TSA Checkpoint and three witnesses reported the incident.  Genoa Lopez violated TSA policy for harassment on August 1, 2005.  Violence in the workplace could have been prevented on August 11, 2006.

Genoa Lopez testified my work schedule was being changed because she heard TSA supervisors discussing my request to attend church services on Saturday and Sunday at Sacred Hearts of Jesus and Mary Catholic Church.

Genoa Lopez testified she heard TSA supervisors Doug Rolefson and Joan De  La Cruz discussing the details of a personal phone call I made to Stan Tadaki making a request for a schedule change to attend church services at Sacred Hearts of Jesus and Mary Catholic Church.

Genoa Lopez testified she was upset because her schedule was changed to accommodate my church schedule at Sacred Hearts of Jesus and Mary Catholic Church.

This is a very important statement:

Genoa Lopez reported and testified that she could not identify me as Caucasian or white.  Genoa Lopez is guilty of perjury.  The testimony of Genoa Lopez has many contradictions and false statements. (May 7, 2014 pages 398-400)

Genoa Lopez gave me a bumper sticker that says, "ni'ele".

Genoa Lopez gave me the bumper sticker because she thought Caucasian people were "ni'ele" there are two definitions to "ni'ele": 1) inquisitive and 2) nosey.

Bev Delarosario testified "ni'ele" means nosey.

Gonoa Lopez testified "ni'ele" means inquisitive. (May 7, 2014 page 391 lines10-22 and page 392 1-18)

People in Hawaii talk using Hawaiian pidgin.  It can be difficult understanding people speaking Hawaiian pidgin.

This would be important to note on August 11, 2006 when Doug Rolefson and Genoa Lopez had a loud discussion that escalated to arguing and fighting in the TSA Office.

Administrative Judge Larry Abrams needs to know the importance of the way people in Hawaii speak and conduct business.  There is a difference in the English language in Hawaii.

Mark Mayakawa said it was easier for him to work with local Hawaiian employees than Caucasian/haole employees.

Stan Tadaki changed Mark's schedule and my schedule and told people I was complaining about working with Mark Mayakawa.

4)  Doug Rolefson told me I must use Annual Leave to attend services at Sacred Hearts of Jesus and Mary Catholic Church.

Doug Rolefson refused to provide me with a schedule to attend church services.

Doug Rolefson refused to provide me with information regarding TSA policy so I was able to attend church services.

John Delacruz testified he knew I went to Sacred Hearts of Jesus and Mary Catholic Church and saw me there. (May 8, 2014 page 197 line 13-15)

John Delacruz testified (May 8, 2014 page 178 line 17 – 19)

Q      Did you ever hear any one talk about him (Rich Sandowski) in a derogatory manner?

A      Well I'd have to say yes to that.

A      "his attending every church service" (May 8, 2014 page 179 line 19-20)

John Delacruz testified ( May 8, 2014 page 181 line11-18)

"But the supervisor explained to me they did not change his work schedule. (To attend church services.) But they allowed him to take vacation if he asked for it to go to church."

"If they have to allow him to go to church on his vacation or leave time, then they have to do it."

Q      How did you know I attended Sacred Hearts Church? (May 8, 2014 page 197 line 13-15)

**A**      Actually, again, well I saw you walk into Sacred Hearts Church one day after services. And you probably saw me.

Included are four pages exhibit 1 OPM Form 71 showing proof that Doug Rolefson discriminated against me on the basis of religion starting before August 25, 2005 at TSA Lanai.

Genoa Lopez testified she knew I filed an EEO case for religious discrimination on October 25, 2005 when I request a change in schedule to accommodate the church services at Sacred Hearts of Jesus and Mary Catholic Church.  (May 7, 2014 page 391 line 1 – 5)

INTERIM POLICY ON EMPLOYEE RESPONSIBILITIES AND CONDUCT

April 26, 2005 Mark Mayakawa and Joan Dela Cruz were not able to provide me with a copy of the Interim Policy on Employee Responsibilities and Conduct after a personal evaluation.  Stan Tadaki could not provide me with a copy of the Interim Policy on Employment Responsibilities and Conduct on May 5, 2005.

I was not provided the Interim Policy on Employee Responsibilities and Conduct at TSA Lanai.

Mark Mayakawa made a false statement while testifying.

Stan Tadaki was not able to provide me with a copy of the Interim Policy on Employee Responsibilities and Conduct at TSA Lanai on May 5, 2005.

5)  I need legal assistance to report violence in the workplace at TSA Lanai on August 11, 2006. There are no legal services in Lanai City, Hawaii.

6)  I reported payroll errors and scheduling errors at TSA Lanai to Doug Rolefson on August 10, 2006 by filing a grievance.

Doug Rolefson and Genoa Lopez did not assist me to correct payroll and scheduling errors on August 11, 2006.

7)  Genoa Lopez falsely accused me of reporting to work two minutes late on August 11, 2006.  I reported to work before Genoa Lopez.  Genoa Lopez is guilty of perjury.  (May 7, 2014 page 373 line 11 – 15)  I was never upset on August 11, 2006.

8) Genoa Lopez started screaming "HOW AM I HARASSING YOU?" on August 11, 2006.  (May 7, 2014 page 396 line 15 to 19)

9) Doug Rolefson testified, "I did not say "ballistic" on May 2014. (May 7, 2014 page 305 line19 and 20)

10) Doug Rolefson and Genoa Lopez did not address payroll matters or report harassment on August 11, 2006 on my behalf.

11) Doug Rolefson and Genoa Lopez were arguing and fighting in the TSA Office on August 11, 2006.
Doug Rolefson made a false testimony on May 2014.
Genoa Lopez made a false testimony on May 2014.
I am witness to perjury by Doug Rolefson.
I am witness to perjury by Genoa Lopez.

12) Payroll errors with religious discrimination started on October 2005.
Included are four pages labeled as **Exhibit 1** OPM Form 71 showing proof that Doug Rolefson discriminated against me on the basis of religion starting before August 25, 2005 at TSA Lanai.

13) Doug Rolefson screamed, "YOU CAN NOT CALL STAN TADAKI!" on August 11, 2006.
Genoa Lopez screamed, "YOU CAN NOT CALL STAN TADAKI!" on August 1, 2005.
Joan Delacruz screamed, "YOU CAN NOT CALL STAN TADAKI!" on August 1, 2005.
Joan Delacruz testified this.
George Maltezo was witness.
Doug Rolefson testified this.
Genoa Lopez was witness to Doug Rolefson screaming, "YOU CAN NOT CALL STAN TADAKI!" on August 11, 2006 in the TSA Office.
Genoa Lopez testified this.
George reported Genoa Lopez initiating an altercation and was upset at TSA Checkpoint on August 1, 2006.
Bev Rosario witnessed Genoa Lopez upset on August 1, 2006.
I am witness to perjury by Doug Rolefson on May 2014 and August 11, 2006.
I am witness to perjury by Genoa Lopez on May 2014 and August 11, 2006.
I am witness to perjury by Joan Delacruz on May 2014.
Doug Rolefson and Genoa Lopez violated TSA policy on August 11, 2006.
I am witness to Doug Rolefson and Genoa Lopez fighting and arguing in TSA Office on August 11, 2006.

Doug Rolefson and Genoa Lopez refuse to report harassment and discrimination and obstruction of justice at TSA Lanai.

14) Doug Roleson and Genoa Lopez did not allow me to report work place violence at TSA Lanai on August 11, 2006.

15) Doug Rolefson and Genoa Lopez did not report work place violence at TSA Lanai on August 11, 2006.

16) Doug Rolefson and Genoa Lopez were in violation of TSA policy on August 11, 2006.

17) Doug Roleson directed Genoa Lopez, "GENOA LET HIM GO!" on August 11, 2006. (May 7, 2016 page 396 line 15 to 19)
Genoa Lopez interfered with my ability to conduct business in a professional manner on August 11, 2006 because I filed a grievance to correct payroll errors and scheduling errors.
Genoa Lopez violated TSA policy.
Genoa Lopez and Doug Rolefson refused to let me report harassment and discrimination to Stan Tadaki on August 11, 2006.

18) Doug Rolefson and Genoa Lopez speak in Hawaiian pidgin.  Talking in Hawaiian pidgin can result in miscommunication.
Genoa Lopez gave me a bumper sticker "ni'ele".
(May 7, 2014 page 391 line 10 to 22 & page 392 line 1 to 18)
Ni'ele can mean inquisitive.
Ni'ele can mean nosey.
Genoa Lopez saw me as a nosey Caucasion/haole.

**THIS IS VERY IMPORTANT TO NOTE:**
Doug Rolefson and Genoa Lopez were arguing using Hawaiian pidgin on August 11, 2006.
(May 7, 2014 page 391 line 10 to 22 & page 392 line 1 to 18)

19) Mark Mayakawa is guilty of perjury and obstruction of justice and harassment and discrimination.
Mark testified, "I did not report harassment or discrimination at TSA Lanai on February 2005."
Bobbi Viagoa witnessed and testified Mark Myakawa yelling at me at TSA Checkpoint on February 2005.
Mark testified, "When I made a mistake I apologized." on May 2014.

There was no way I could report discrimination and harassment by Mark Mayakawa on February 2005.

Stan Tadaki changed Mark's work schedule and told Doug Rolefson I was complaining about Mark Myakawa. (May 7, 2014 page 324 line 10 to 16)     Stan Tadaki changed my schedule to accommodate religious services and when I reported Mark Mayakawa was harassing me.

20) State of Hawaii Department of Labor and Industrial Relations, Laura Hirayama, Appeals Officer conducted an investigation and had a hearing on July 31, 2007. Case # 0602234
The Hawaii State Department of Labor and Industrial Relations made a ruling in my favor that I was not responsible for the termination and a victim of wrongful termination on August 30, 2006. Genoa Lopez pleaded the fifth and did not testify on behalf of TSA.
I need legal representation to help me report this information.
It is obvious that Genoa Lopez and Doug Rolefson are lying under oath harassed me based on my religion and race and nationality and refused to report the harassment according to TSA policy and interfered with the investigation and guilty of obstruction of justice and guilty of perjury because their testimony is false.


Please help me appeal my EEOC case and obtain legal representation to report harassment directed at me beginning with religious discrimination and including racial discrimination by Doug Rolefson, Genoa Lopez, Mark Myakawa, and Joan Dela Cruz while I was employed as a TSA Officer.  I saw Doug Rolefson provoke Genoa Lopez because I made a request for accommodations to attend religious services at Sacred Hearts of Jesus and Mary Catholic Church. Doug Rolefson told all the employees at TSA Lanai this was interfering with his ability to schedule TSA employees.  Genoa Lopez initiated an altercation at TSA Checkpoint on August 1, 2005 and became upset. Genoa Lopez testified she was upset and approached me on August 1, 2005 at the time of the incident.  George Maltezo reported the harassment in this incident to Joan Dela Cruz. Bev Rosario testified seeing Genoa Lopez harassing me at TSA Checkpoint and being upset.  I reported Genoa Lopez was screaming at me at TSA Checkpoint and harassing me.

Doug Rolefson testified he did not report the incident on August 1, 2005.
Genoa Lopez was upset on August 1, 2005 and TSA employees reported harassment.
I would be employed at TSA as a TSA Officer if Doug Rolefson had reported that Genoa Lopez was upset on August 1, 2005 at TSA Checkpoint and initiated an altercation at me because Dog Rolefson and Joan Dela Cruz told Genoa I was responsible for a change to her schedule because I made a request for religious accommodations.
Genoa Lopez told me, "You did not forgive me." on August 1, 2005.

Genoa Lopez told me she was provoked by conversations by Doug Rolefson and Joan Dela Cruz on August 1, 2005 and testified to this.

Genoa Lopez could not control herself on August 1, 2005.

Doug Rolefson could have prevented violence in the work place by reporting Genoa Lopez on August 1, 2005 according to TSA policy.

Genoa Lopez should have been terminated as a TSA Officer on August 1, 2005 according to TSA policy.

Genoa Lopez was screaming at Doug Rolefson on August 11, 2006 on the day I filed a grievance for payroll errors.

Genoa Lopez was obviously upset on August 11, 2006 and had a heated discussion in the TSA Office. I witnessed Genoa Lopez yelling at Doug Rolefson and fighting with Doug Rolefson on August 11, 2006.

Genoa Lopez was provoked by Doug Rolefson on August 11, 2006.

Genoa Lopez falsely accused me of being two minutes late for work on August 11, 2006. I reported to TSA Office ten minutes prior to my work schedule and the TSA Office was locked.

Doug Rolefson testified that Genoa Lopez brushed against me.

Doug Rolefson testified that he never reported harassment by Genoa Lopez on August 11, 2006.

Genoa Lopez repeatedly reported and testified she was near me in the TSA Office when Doug Rolefson said, "GENOA LET HIM GO!".

When I asked Doug Rolefson to report harassment at TSA Lanai Genoa Lopeza started screaming, "HOW AM I HARASSING YOU!".

I need to report violence in the workplace at TSA Lanai.

I am unable to obtain legal representation.

Please help me report violence in the work place at TSA Lanai according to TSA policy.

I would still be employed as TSA Officer at TSA Lanai if Doug Rolefson and Genoa Lopez were not fighting in the TSA Office on August 11, 2006.

I know that Genoa Lopez approached me and pushed into me three times on August 11, 2006.

Doug Rolefson refused to help me correct any scheduling and payroll errors between October 2004 and August 2006.

Doug Rolefson refused to report harassment at TSA Lanai according to TSA policy.

Doug Rolefson refused to report violence in the workplace at TSA according to TSA policy.

I need legal representation.

Mahalo,

Richard J. Sandowski

Richard J. Sandowski



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Richard J. Sandowski, a/k/a
Sheldon M.,[1]
Complainant,

v.

John F. Kelly,
Secretary,
Department of Homeland Security
(Transportation Security Administration),
Agency.

Appeal No. 0120161327
Hearing No. 480-2007-00535X
Agency No. HS-06-TSA-004442

DECISION

Complainant filed a timely appeal, pursuant to 29 C.F.R. § 1614.403, from the Agency's January 28, 2016, final order concerning an equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

At the time of events giving rise to this complaint, Complainant was employed by the Agency as a Transportation Security Screener, SV-0019-D, at Lanai Airport in Hawaii.

On January 18, 2007, Complainant filed an EEO complaint alleging discrimination by the Agency on the bases of race (Caucasian), religion (Catholic), color (White), age (45), and reprisal for prior protected EEO activity when, effective August 30, 2006, it terminated his employment during his trial period.

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ).  Complainant timely requested a hearing.  The AJ held a hearing and subsequently issued a decision in favor of the Agency.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                            0120161327

The Agency issued its final order adopting the AJ's conclusion that Complainant failed to prove discrimination as alleged. The instant appeal followed.

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 477 (1951) (citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. See Pullman-Standard Co. v. Swint, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a de novo standard of review, whether or not a hearing was held. An AJ's credibility determination based on the demeanor of a witness or on the tone of voice of a witness will be accepted unless documents or other objective evidence so contradicts the testimony or the testimony so lacks in credibility that a reasonable fact finder would not credit it. See EEOC Management Directive 110, Chapter 9, at § VI.B. (Aug. 5, 2015).

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that substantial evidence of record supports the AJ's determination that Complainant has not proven discrimination by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

STATEMENT OF RIGHTS - ON APPEAL
RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.      The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.      The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The

3                                                    0120161327

agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

__JUL 0 7 2017__
Date

4                                        0120161327

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Richard J. Sandowski
175 Iwalani St.
Hilo, HI 96720-5467

U.S. Department of Homeland Security
Office for Civil Rights and Civil Liberties
245 Murray Ln., SW Bldg. 410
Mail Stop 0191
Washington, DC 20528

Director, Office of Civil Rights and Liberties (TSA-6)
Transportation Security Administration
601 South 12th Street
Arlington, VA 20598-6006


JUL 0 7 2017
Date


Compliance and Control Division