IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD J. SANDOWSKI, | ) CIVIL NO. 17-00469 SOM-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DENY PLAINTIFF'S REQUEST FOR |
| vs. | ) APPOINTMENT OF COUNSEL |
| | ) |
| JOHN F. KELLY, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL[1]

Before the Court is Plaintiff's Request for Appointment of Counsel Under the Civil Rights Act of 1964: 42 U.S.C. § 2000e-5(f)(1)(B). ECF No. 26. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of the materials submitted by Plaintiff, the Court FINDS and RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint on September 19, 2017, against the John F. Kelly, Secretary, Department of Homeland Security (Transportation Security

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Administration); Doug Rolefson, Supervisor Transportation Security Officer; Genoa Lopez, Transportation Security Officer; Joan De La Cruz, Supervisor Transportation Security Officer; Marc Myakawa, Supervisor Transportation Security Officer; and Stan Tadaki, Assistant Federal Security Director.  ECF No. 1.  Plaintiff alleges that Defendants unlawfully retaliated against him and terminated him based on his race and religion in violation of Title VII of the Civil Rights Act of 1964.  See id.  Title VII prohibits employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

## DISCUSSION

There is no constitutional right to the appointment of counsel in employment discrimination cases.  Ivey v. Bd. of Regents of Univ. of Ala., 673 F.2d 266, 269 (9th Cir. 1982).  Title VII authorizes the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just . . . ."  42 U.S.C. § 2000e-5(f)(1).  "The decision to appoint counsel is left to the sound discretion of the district court." Johnson v. U.S. Treasury Dep't, 27 F.3d 415, 416 (9th Cir. 1994) (citations omitted).  The court should consider the following three factors in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or

her own; and (3) the merit of the plaintiff's claim." Id. at 416-17 (citations omitted).

### A.  Plaintiff's Financial Resources

First, Plaintiff has not demonstrated that he does not have any financial resources.  Plaintiff indicated in his Request for Appointment of Counsel that he and his spouse are currently employed; however, Plaintiff did not complete the requested information regarding monthly income.  See ECF No. 26 at 4. Without this information, the Court is unable to determine whether Plaintiff's financial resources weigh against or in favor of appointing counsel.

### B.  Plaintiff's Efforts to Obtain Counsel

Second, the Court will consider whether Plaintiff made "what can be considered a reasonably diligent effort under the circumstances to obtain counsel." Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1319 (9th Cir. 1981).  Here, Plaintiff lists two attorneys in his Request for Appointment of Counsel that he has contacted.  Id. at 3.  However, Plaintiff does not provide any information regarding when he contacted those attorneys or the attorneys' response to his request for representation.  Id.  While the Court recognizes that Plaintiff has made some effort to retain counsel, the Court notes that greater efforts could be made.  Accordingly, the Court finds that Plaintiff has not made a reasonably diligent effort under the

circumstances to obtain counsel.  The Court therefore finds that this factor weighs against appointing counsel.

### C. The Merit of Plaintiff's Claim

Third, Plaintiff must show that his claim has "some merit."  Bradshaw, 662 F.2d at 1319.  A person claiming to be aggrieved by an unlawful employment practice may file a charge with the United States Equal Employment Opportunity Commission ("EEOC").  42 U.S.C. § 2000e-5(b).  In evaluating the merits of the claim, the court should give "appropriate weight" to the EEOC's determination regarding Plaintiff's claim.  Bradshaw, 662 F.2d at 1319-20.  In instances where the EEOC has found no reasonable cause, the court should ask the plaintiff why he considers the EEOC's determination to be in error.  Id. at 1309 n.20 (citing Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th Cir. 1977).  "[A] negative EEOC determination, together with patently frivolous rebuttals by the plaintiff, would militate against appointment of a lawyer."  Jenkins v. Chem. Bank, 721 F.2d 876, 880 (2d Cir. 1983); see also Bradshaw, 662 F.2d at 1309 n.20 ("[A] finding that the EEOC determination is supported by substantial evidence in the investigative file and that plaintiff's objections thereto are patently frivolous would weigh heavily in the scales against appointing an attorney." (quoting Caston, 556 F.2d at 1309)).  In addition to the EEOC's determination, the court may consider the allegations in

4

Plaintiff's Complaint in determining whether his claims have some merit.  See Bradshaw, 662 F.2d at 1319.

Here, Plaintiff attached to his Request for Appointment of Counsel the Decision that he received from the EEOC.  See ECF No. 1 at 20-23.  That Decision states that the EEOC concluded that substantial evidence supported the Administrative Judge's determination that Plaintiff had not proven discrimination as alleged.  Id. at 21.  Plaintiff's Request for Appointment of Counsel is made on a pre-printed form, which includes a section that asks Plaintiff for the reasons why he is questioning the EEOC's determination.  See ECF No. 26 at 3.  However, Plaintiff did not provide any information in that section.  Plaintiff's failure to complete this section prevents the Court from determining why Plaintiff thinks that the EEOC's determination was in error.  After carefully considering the EEOC's Decision and the allegations contained in the Complaint, the Court concludes that the third factor weighs against appointment of counsel.

### D. Conclusion

As noted above, the appointment of counsel in employment discrimination cases is discretionary, and there is no constitutional right to counsel.  As evidenced by his Complaint, Plaintiff is able to gather and present crucial facts.  Plaintiff appears capable of articulating the facts and legal issues in

court and is therefore seemingly able to proceed *pro se*. See Miljkovic v. Univ. of Haw., Civ. No. 09-00064 ACK-KSC, 2010 WL 346450 at *1 (D. Haw. Jan. 27, 2010) (citing Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992); Darden v. Ill. Bell Tel. Co., 797 F.2d 497, 501 (7th Cir. 1986)). Balancing all of the foregoing factors, the Court RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 25, 2018.

_____
Richard L. Puglisi
United States Magistrate Judge

**SANDOWSKI v. KELLY, ET AL.; CIVIL NO. 17-00469 SOM-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**