IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD J. SANDOWSKI, | ) | Civ. No. 17-00469 SOM-RLP |
| Plaintiff, | ) | |
| | ) | ORDER (1) ADOPTING FINDINGS |
| vs. | ) | AND RECOMMENDATION THAT |
| | ) | PLAINTIFF'S REQUEST FOR |
| JOHN F. KELLY; DOUG ROLEFSON; | ) | APPOINTMENT OF COUNSEL BE |
| GENOA LOPEZ; JOAN DE LA CRUZ; | ) | DENIED, AND (2) AFFIRMING |
| MARC MAYAKAWA; and STAN | ) | ORDER DENYING PLAINTIFF'S |
| TADAKI, | ) | MOTION FOR RECONSIDERATION |
| | ) | |
| Defendants. | ) | |

**ORDER (1) ADOPTING FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL BE DENIED, AND (2) AFFIRMING ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

I.      INTRODUCTION.

Before this court are Plaintiff Richard J. Sandowski's objections to Magistrate Judge Richard L. Puglisi's Findings and Recommendation to Deny Plaintiff's Request for Appointment of Counsel filed on May 25, 2018 ("F&R") and his Order Denying Plaintiff's Motion for Reconsideration filed on June 15, 2018 ("Reconsideration Order"). *See* ECF Nos. 27, 32, and 36.

Sandowski, proceeding *pro se*, filed a Request for Appointment of Counsel Under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1)(B) ("Request"). ECF No. 26. The F&R recommended that this court deny the Request because Sandowski had not made a reasonably diligent effort to obtain counsel and did not provide sufficient information with respect to his

financial resources and the merit of his claims.  ECF No. 27, PageID #s 175-78.

Having carefully considered the materials submitted by Sandowski, this court adopts the F&R, affirms the Reconsideration Order, and denies Sandowski's Request.

**II.    BACKGROUND.**

On September 19, 2017, Sandowski filed a Complaint, asserting employment discrimination claims against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  ECF No. 1, PageID #s 2-5.  Sandowski alleges that he was employed on the island of Lanai by the Transportation Security Administration, an agency of the United States Department of Homeland Security, and that Defendants discriminated against him based on his race and religion.  *See id*.  He alleges that, between October 2004 and August 2006, he was subject to unequal treatment, retaliated against, suffered "perjury, obstruction of justice, physical assault, and abuse of authority," and was ultimately wrongfully terminated.  *See* at 6-7.

**III.    STANDARDS OF REVIEW.**

The Magistrate Judge addressed Sandowski's original request for counsel in an F&R, rather than in an order.  It is not clear why an order did not issue with respect to that nondispositive matter.  When an order is reviewed by a district

judge, the district judge determines whether it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1). By contrast, proposed findings and recommendations are reviewed *de novo*. *Id.; see also* Local Rules 72.3, 72.4, 74.1, and 74.2.

The court reviews *de novo* those portions of the F&R to which objection is made and may accept, reject, or modify, in whole or in part, the F&R made by the Magistrate Judge. The court may also receive further evidence on the matter or recommit it to the Magistrate Judge with instructions. The court may accept those portions of the Magistrate Judge's F&R that are not objected to if it is satisfied that there is no clear error on the face of the record. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2; *Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 09-00429 ACK-KSC, 2012 WL 1982433, at *1 (D. Haw. May 31, 2012).

The court may consider the record developed before the Magistrate Judge. Local Rule 74.2. A *de novo* hearing relating to an F&R is not required. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

This court reviews the F&R *de novo* and reviews the Reconsideration Order to determine if it is clearly erroneous or contrary to law. The standard of review actually does not affect the present ruling, as this court agrees with the Magistrate Judge under either standard.

**IV. ANALYSIS.**

As stated in the F&R, there is no constitutional right to the appointment of counsel in employment discrimination cases, and the decision to appoint counsel is within the discretion of the court. *See Ivey v. Bd. Of Regents of Univ. of Ala.*, 673 F.2d 266, 269 (9th Cir. 1982); *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416 (9th Cir. 1994). The court should consider the following three factors in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson*, 27 F.3d at 416-17 (citation omitted).

Sandowski objects to the F&R, which recommends that his request for counsel be denied. However, he fails to identify any specific portions of the F&R to which objection is made or the basis for such objections, as required by Local Rule 74.2. *See* ECF No. 36. Rather, he repeats several of the factual claims from his Request and motion for reconsideration. *See id.* The court treats Sandowski's objections as a general objection to the F&R. The court adopts the F&R in whole and affirms the Reconsideration Order.

**A. Sandowski's Financial Resources.**

Sandowski has not provided the court with sufficient information about his financial status. His Request appears to

be made on a template available on the court website, which requests information useful to courts in considering requests for the appointment of counsel. *See* ECF No. 26; *Pro Se Civil Forms, HID EEOC Package*, United States District Court for the District of Hawaii, 12-18 (March 2012), http://www.hid.uscourts.gov/dsp_Forms.cfm?CatID=2&SubCatID=5&PID=27&MID=113. Sandowski left much of the template blank. The Request indicates that he and his wife are employed. *See* ECF No. 26, PageID # 169. However, he provided no information with respect to his monthly income, his wife's monthly income, his savings and checking accounts, or his debts and monthly bills. *See id.* at 169-71. He also stated that he owns real estate in Hilo, but failed to provide the value of the property. *See id.* at 170.

In his motion for reconsideration and his objections to the F&R, he adds that there are two lawyers who could represent him, but that he cannot afford their legal fees. *See* ECF No. 30, PageID # 195; ECF No. 36, PageID # 219. He does not provide the names of the attorneys, the attorneys' rates, or the reasons he cannot afford those rates. *See id.*

Whether this court conducts *de novo* review or the more deferential "clearly erroneous or contrary to law" review, this court concludes that Sandowski has not demonstrated that he lacks the financial resources to employ counsel.

### B. Sandowski's Efforts to Obtain Counsel.

The court also considers whether Sandowski has made "a reasonably diligent effort under the circumstances to obtain counsel." *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981). In his Request, Sandowski lists two attorneys that he has contacted, but does not provide any details regarding the attorneys' responses to his requests. *See* ECF No. 26, PageID # 168. His motion for reconsideration and his objections describe additional efforts that he has made to find representation. He states that he has contacted Legal Aid, lawyer referral services, law schools, the Equal Employment Opportunity Commission ("EEOC"), and other government agencies. *See* ECF 30, PageID # 194; ECF 36, PageID #s 217-19. He also alleges that there are no lawyers on Lanai or the Big Island who specialize in employment cases and would be willing to travel to Honolulu for federal court proceedings. *See id.* However, elsewhere in his filings, he concedes that there is one lawyer in Honolulu (where this court is located) and one lawyer on the Big Island who would be qualified. *See* ECF 30, Page # 195; ECF No. 36, PageID # 219.

Beyond the two lawyers listed in his Request, it does not appear that Sandowski has reached out to any other lawyers or law firms. There are many attorneys in Hawaii with experience in employment matters. Many are based in Honolulu

6

and would not need to travel inter-island to attend court proceedings. Those on the neighbor islands could attend hearings by telephone or videoconference.

The court recognizes that Sandowski has made some effort to retain counsel. However, consistent with the F&R and the Reconsideration Order, the court is not persuaded that Sandowski has made a reasonably diligent effort to obtain counsel.

**C.   The Merits of Sandowski's Claims.**

The F&R sets forth the appropriate standard for evaluating whether Sandowski's claims have "some merit." *See* ECF No. 27, PageID #s 176-77 (quoting *Bradshaw*, 662 F.2d at 1319). In short, the court should give "appropriate weight" to a determination by the EEOC with respect to Sandowski's claims and should also consider his objections to the EEOC's determination and the other allegations in the Complaint. *See Bradshaw*, 662 F.2d at 1319-20.

The Complaint attaches Sandowski's EEOC complaint and the EEOC's decision regarding his claims of employment discrimination. *See* ECF No. 1, PageID #s 10-23. He had a hearing on his claims before an Administrative Judge ("AJ") who issued a decision in favor of the Department of Homeland Security. *See id.* at 20. He appealed to the EEOC, which

concluded that substantial evidence supported the AJ's determination. *Id.* at 21.

Sandowski's Request included no objections to the EEOC's decision. The template used for his Request includes a section stating:

> [W]hat are your reasons for questioning the [EEOC's] determination?  <u>Be specific and support your objections with fact.  Do not simply repeat the allegations made in your complaint; the Court will review your complaint in considering this request for counsel.</u>

ECF No. 26; PageID # 167 (emphases in original). Sandowski left that section blank.

In his objections, Sandowski alleges that he was unable to find legal representation during the EEOC process, that the "EEOC never provided me with information I needed to process the pending EEOC case," and that "Doug Rolefson and Genoa Lopez are guilty of perjury in their testimony in the EEOC investigation and hearing." ECF No. 36, PageID #s 217-19. This statement is too vague to justify the appointment of counsel.

## V.     CONCLUSION.

For the foregoing reasons, the court adopts the F&R, affirms the Reconsideration Order, and denies Sandowski's Request.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 3, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Richard J. Sandowski v. John F. Kelly, et al., Civ. No. 17-00469 SOM-RLP; ORDER (1) ADOPTING FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL BE DENIED, AND (2) AFFIRMING ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION.