IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD J. SANDOWSKI,<br><br>    Plaintiff,<br><br>    vs.<br><br>KIRSTJEN M. NIELSEN; DOUG ROLEFSON; GENOA LOPEZ; JOAN DE LA CRUZ; MARC MAYAKAWA; and STAN TADAKI,<br><br>    Defendants. | Civ. No. 17-00469 SOM-RLP<br><br>ORDER GRANTING DEFENDANT KIRSTJEN NIELSEN'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT AND GRANTING LEAVE TO AMEND |

**ORDER GRANTING DEFENDANT KIRSTJEN NIELSEN'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT AND GRANTING LEAVE TO AMEND**

**I.    INTRODUCTION.**

Before the court is Defendant Kirstjen Nielsen's Motion to Partially Dismiss Plaintiff's Complaint. *See* ECF No. 37. Plaintiff Richard Sandowski, proceeding *pro se*, was formerly employed by the Transportation Security Administration ("TSA"), an agency of the United States Department of Homeland Security ("DHS"). He filed a complaint ("Complaint") against Nielsen,[1] who is the Secretary of DHS, and against five current or former TSA employees. *See* ECF No. 1, PageID # 5. The Complaint asserts that Defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964. *See id.*

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary Nielsen is substituted as a defendant in place of former Secretary John F. Kelly, who was originally named in the Complaint. *See* ECF No. 37, PageID # 222. All future docket filings should reflect this change.

Nielsen's motion seeks to dismiss Sandowski's claims of perjury, obstruction of justice, physical assault, and abuse of authority for failure to exhaust administrative remedies or, in the alternative, for failure to state a claim upon which relief can be granted. *See* ECF No. 37-1, PageID # 225. Additionally, Nielsen argues that the Complaint should be dismissed as to the TSA employee defendants because she, as head of DHS, is the only proper defendant. *See id.* at 225-26.

This court grants Nielsen's motion for partial dismissal. The court further grants Sandowski leave to file an amended complaint should he wish to do so.

**II.    BACKGROUND.**

Sandowski was employed by TSA on the island of Lanai until his termination on August 30, 2006. *See* ECF No. 1, PageID #s 2-7. On January 18, 2007, Sandowski filed an employment discrimination complaint against TSA and DHS with the Equal Employment Opportunity Commission ("EEOC").[2] *See id.* at 20. After a hearing, an EEOC Administrative Judge ("AJ") issued a decision finding no discrimination, which was adopted by the DHS Office of Civil Rights and Civil Liberties ("CRCL") in a final order issued on January 28, 2016. *See id*. at 10, 20-21; ECF No.

---

[2] The EEOC complaint is not in the record, but the procedural history of the administrative proceedings was described in the EEOC's decision of July 7, 2017, attached to the Complaint. *See* ECF No. 1, PageID #s 20-21.

37-4.  On February 29, 2016, Sandowski appealed to the EEOC's
Office of Federal Operations ("OFO"), and on July 7, 2017, the
OFO affirmed the CRCL's final order adopting the AJ's decision.
*See* ECF No. 1, PageID # 21.  The OFO's decision stated that
Sandowski had a right to file a civil action in federal district
court.  *See id.* at 22.

On September 19, 2017, Sandowski filed his Complaint
in this court, asserting employment discrimination claims
against Defendants under Title VII of the Civil Rights Act of
1964, 42 U.S.C. §§ 2000e to 2000e-17.  *See id.* at 2-5.  He
alleges that, between October 2004 and August 2006, Defendants
discriminated against him on the basis of his race and religion
and that he was wrongfully terminated.  *See id.* at 2-7, 20.  The
Complaint attaches Sandowski's appeal letter to the EEOC dated
February 29, 2016, and the OFO's decision dated July 7, 2017.
*See id.* at 7, 10-23.

The Complaint lists the following seven claims:
unequal treatment, retaliation, wrongful termination, perjury,
obstruction of justice, physical assault, and abuse of
authority.  *Id.* at 6-7.  As relief, Sandowski seeks
reinstatement, back pay for wages and benefits, and to be "made
whole."  *Id.* at 8.

On June 29, 2018, Nielsen filed the present motion.
*See* ECF No. 37-1.  The motion attaches two documents: (1) a TSA

letter dated April 24, 2007, informing Sandowski that TSA accepted and would investigate certain claims from his EEOC complaint, and (2) the CRCL's final order of January 28, 2016, adopting the AJ's decision. *See* ECF Nos. 37-3, 37-4. The court held a hearing on the motion on August 13, 2018.

**III.     STANDARD OF REVIEW.**

Nielsen's motion was brought under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See* ECF No. 37-1, PageID # 229. The citation to Rule 12(b)(1) was likely due to the prior treatment of a failure to exhaust administrative remedies under Title VII as a jurisdictional defect. *See Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) ("To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim.").

However, in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), the Supreme Court clarified that administrative exhaustion requirements were not prerequisites to subject matter jurisdiction unless "the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." *Id.* at 515 ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts

should treat the restriction as nonjurisdictional in character.").

Consistent with this holding, the Ninth Circuit has stated that a Title VII exhaustion requirement "is not a jurisdictional prerequisite for suit in federal court," but that failure to comply with the requirement may be fatal to the claim. *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009); *see also Daniels v. Donahoe*, 901 F. Supp. 2d 1238, 1245 (D. Haw. 2012) (stating that "[t]he exhaustion requirement is a condition of bringing a Title VII claim in court," but is not a jurisdictional limitation).[3] The Ninth Circuit in *Kraus* did not cite *Arbaugh*, but the Ninth Circuit has applied *Arbaugh* in several non-Title VII cases to hold that prerequisites to a statute's applicability are not jurisdictional. *See, e.g.*, *Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 968–69 (9th Cir. 2016) ("We hold that the extraterritorial reach of the Lanham Act is a merits question that does not implicate federal courts' subject-matter jurisdiction."); *Leeson v. Transamerica Disability Income Plan*,

---

[3] Any confusion over the standard of review may have related to the Ninth Circuit's continued citation to *Lyons* (even after *Arbaugh*) for the proposition that administrative exhaustion is a prerequisite for subject matter jurisdiction over Title VII cases. *See Robinson v. Geithner*, 359 F. App'x 726, 728 (9th Cir. 2009); *Toyama v. Sebelius*, 329 F. App'x 175, 176 (9th Cir. 2009); *Lama v. Fred Meyer, Inc.*, 247 F. App'x 45, 46 (9th Cir. 2007).

5

671 F.3d 969, 971 (9th Cir. 2012) (holding that whether plaintiff was a plan participant under ERISA is "a substantive element of his claim, not a prerequisite for subject matter jurisdiction"); *Forester v. Chertoff*, 500 F.3d 920, 928-29 (9th Cir. 2007) (holding that the 30-day waiting period in 29 U.S.C. § 633a(d) is "not jurisdictional in the sense that a district court lacks any authority to grant relief when a complaint is filed prematurely"). And at the hearing on the motion, Nielsen's counsel recognized that recent Ninth Circuit case law stated that failure to exhaust is not an issue of subject matter jurisdiction. Thus, this court reviews Nielsen's motion under Rule 12(b)(6).

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. The court's review is generally limited to the contents of a complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment.

*Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Dismissal under Rule 12(b)(6) may be based on either "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard . . . does not require detailed

factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotation marks omitted)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**IV.     ANALYSIS.**

To help evaluate the arguments in Nielsen's motion for partial dismissal, the court provides its understanding of Sandowski's claims in the Complaint. All of Sandowski's claims are based on employment discrimination in alleged violation of Title VII. Title VII requires that "[a]ll personnel actions affecting [federal] employees . . . be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). In asserting Title VII claims, Sandowski lists unequal treatment, retaliation, wrongful termination, perjury, obstruction of justice, physical assault,

and abuse of authority. *See* ECF No. 1, PageID #s 2-7. The Complaint's sparse statement of facts says:

> Doug Rolefson refused to provide accom[m]odations as a Catholic. I was told to use annual leave to attend c[h]urch services. Payroll errors are not corrected. Doug Rolefson yelled at me many times. I saw Doug Role[f]son and Genoa Lopez fighting in the TSA office. I saw Doug Role[f]son provoke Genoa Lopez leading to physical assault in the TSA office on August 11, 2017.

*See id.* at 7. However, the Complaint incorporates Sandowski's letter of February 29, 2016, to the EEOC, discussing the alleged factual background and providing some context for his claims. *See id.* at 7, 10-23.

Reading the Complaint and its attachments together, the court discerns that Sandowski is alleging that the following events occurred while he was employed at TSA and were the result of discrimination on the basis of his Caucasian race and Catholic religion: (1) Rolefson, Sandowski's then-supervisor, told Sandowski that he needed to use leave time if he wanted to attend Catholic services; (2) Rolefson and TSA officers Genoa Lopez, Joan Delacruz, and Mark Mayakawa made negative comments about Caucasian people and Sandowski's frequent attendance at Catholic services; (3) Rolefson and Lopez did not correct payroll and scheduling errors that Sandowski reported to them; (4) Lopez physically assaulted Sandowski on August 11, 2006;

9

(5) Rolefson did not report Sandowski's complaints of discrimination and harassment to Stan Tadaki, TSA Assistant Federal Security Director, and (6) Sandowski was wrongfully terminated following the alleged physical assault by Lopez. *See id.* at 10-17. He also asserts that Rolefson, Lopez, Delacruz, and Mayakawa gave false testimony at the hearing before the AJ. *See id.*

The court dismisses claims against Rolefson, Lopez, Mayakawa, and Delacruz. The perjury, obstruction of justice, physical assault, and abuse of authority claims against Nielsen are dismissed for failure to state a claim upon which relief can be granted. The court further grants Sandowski leave to file an amended complaint by September 28, 2018.

### A. Title VII Claims Cannot Be Brought Against the TSA Employee Defendants.

Under Title VII, a federal employee complaining of employment discrimination may commence a civil action only after following certain EEOC administrative procedures. *See* 42 U.S.C. § 2000e-16(c). "A Title VII action against the federal government is the exclusive judicial remedy for discrimination in federal employment." *See Nishibayashi v. England*, 360 F. Supp. 2d 1095 (D. Haw. 2005) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *Brazil v. U.S. Dept. of the Navy*, 66 F.3d 193, 197–98 (9th Cir. 1995)). In such a civil

10

action, "the head of the department [that employed the plaintiff] . . . shall be the defendant."  42 U.S.C. § 2000e-16(c).

Sandowski's Complaint appropriately names Nielsen, head of DHS, as defendant.  Sandowski additionally sues five TSA employees who allegedly discriminated against him, but Title VII liability does not extend to individual federal employees.

"We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) (citing *Holly D. v. Cal. Inst. Of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993)).  This limitation reflects Congress's intent "to create 'an exclusive, preemptive administrative judicial scheme for the redress of federal employment discrimination.'"  *White v. Gen. Servs. Admin.*, 652 F.2d 913 (9th Cir. 1981) (quoting *Brown*, 425 U.S. at 835). "[A]llowing additional individual remedies would interfere with that carefully devised scheme."  *Id.*; *see also Miller*, 991 F.2d at 587 ("The statutory scheme [of Title VII] indicates that Congress did not intend to impose individual liability on employees.").

Thus, the Complaint is dismissed as to Defendants Rolefson, Lopez, Mayakawa, and Delacruz. The only remaining Defendant is Nielsen in her capacity as head of DHS.

**B. There is No Evidence that Sandowski Failed to Exhaust His Administrative Remedies Prior to Filing the Complaint.**

Nielsen argues that Sandowski failed to administratively exhaust his Title VII claims based on perjury, obstruction of justice, physical assault, and abuse of authority. *See* ECF No. 37-1, PageID #s 232-34. As mentioned above, before commencing a Title VII civil action against the federal government, a plaintiff must exhaust the EEOC administrative remedies set forth in Title VII and its implementing regulations. *See* 42 U.S.C. § 2000e-16; 29 CFR Part 1614. The purpose of these exhaustion requirements is "to provide an opportunity to reach a voluntary settlement of an employment discrimination dispute." *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002) (quoting *Blank v. Donovan*, 780 F.2d 808, 809 (9th Cir. 1986)).

Sandowki's EEOC complaint is not part of the record in this case. In asserting a failure to exhaust, Nielsen relies on a TSA letter dated April 24, 2007, and on the CRCL's final order, which state that the claims at issue are whether Sandowski was discriminated against when Sandowski's work hours were reduced from 40 to 39.75 hours a week and whether Sandowski

was discriminated against when it was terminated.  *See id.* at 244.

However, whether a claim was addressed or investigated in the EEOC proceedings is "irrelevant" to whether Sandowski exhausted his administrative remedies with regard to that claim. *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997).  An allegation of discrimination is considered exhausted if it "fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *Id.* (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)).  Thus, the attachments to Nielsen's motions, while relevant to a determination of the nature and scope of Sandowski's EEOC claims, and to the exhaustion issue, are not dispositive with respect to those matters.

Moreover, Title VII claims brought in EEOC administrative proceedings need not be identical to the claims brought in a subsequent civil action.  "Incidents of discrimination not included in an EEOC charge" may be considered by the civil action if "the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Lyons*, 307 F.3d at 1104 (quoting *Green v. LA Cty. Superintendent of Schs.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989)).  EEOC charges

13

"must be construed 'with the utmost liberality.'" *Yamaguchi*, 109 F.3d at 1480 (quoting *Farmer Bros.*, 31 F.3d at 899).

A plaintiff's claims in a civil action are reasonably related to allegations in the EEOC charge "to the extent that those claims are consistent with the plaintiff's original theory of the case, as reflected in the plaintiff's factual allegations and his assessment as to why the employer's conduct is unlawful." *Id.* (internal quotation marks omitted). While Sandowski's EEOC complaint is not in the record, the attachments to the Complaint make clear that at issue in the EEOC proceedings were several acts that involved Rolefson and Lopez and that occurred before Sandowski was terminated on August 30, 2006. *See* ECF No. 1, PageID #s 10-20. These appear to be same acts that are at issue before this court, and nothing in the record indicates anything to the contrary.

Thus, viewing the allegations in the Complaint as true and in the light most favorable to Sandowski, the court is not persuaded that Sandowski failed to exhaust administrative remedies. The claims are not dismissed on that ground.

### C. The Claims at Issue are Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted.

Nielsen also argues that the perjury, obstruction of justice, physical assault, and abuse of authority claims should be dismissed for failure to state a claim upon which relief can

be granted. See ECF No. 37-1, PageID #s 234-38. The court agrees.

Sandowski's perjury and obstruction of justice claims appear to relate to allegedly false statements given by the named TSA employees in the events leading to Sandowski's termination and in the administrative proceedings before the AJ. See id. at 10-17. However, perjury is not a viable claim under Title VII. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 521 (1993) ("Title VII is not a cause of action for perjury; we have other civil and criminal remedies for that"). Neither is obstruction of justice, which is a criminal charge. See Haw. Rev. Stat. § 710-1072.5 (2017) (Obstruction of justice); 18 U.S.C. § 1505 (Obstruction of Proceedings Before Departments, Agencies, and Committees).

For the physical assault claim, Sandowski alleges that he was the victim of physical assault in an August 11, 2006 incident involving Lopez. See ECF No. 1, PageID # 7. Title VII does not prohibit physical assault generally, but "prohibits offensive 'physical conduct of a sexual nature' when that conduct is sufficiently severe or pervasive." Rene v. MGM Grand Hotel, Inc., 305 F.3d 1061, 1065 (9th Cir. 2002) (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986)). Nowhere in the Complaint or its attachments does Sandowski allege that the assault was sexual in nature or that he was the

victim of sexual harassment.  As a result, Sandowski's physical assault claim fails to assert "sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Sandowski's abuse of authority claim appears to apply generally to his complaints regarding his supervisor Rolefson's actions, including Rolefson's alleged handling of Sandowki's requests for leave to attend Catholic services, failure to correct payroll errors, and failure to report Sandowski's complaints of discrimination and harassment.  *See* ECF No. 1, PageID #s 10-17.  Title VII does include 42 U.S.C. § 1981a, which applies to intentional discrimination and could conceivably apply to Sandowski's complaints.  Section 1981a(b)(1) states that punitive damages are available "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."  However, § 1981a does not provide a separate cause of action, but rather provides an additional remedy for discrimination.  *See Pimentel v. Orloff*, No. C-08-0249 MMC, 2008 WL 3876173, at *2 (N.D. Cal., Aug. 19, 2008); .  Thus, no "abuse of authority" claim is available under Title VII.

Sandowski listed Title VII as the only basis for this court's jurisdiction over the Complaint.  *See* ECF No. 1, PageID # 5.  There may be other federal laws that are applicable to the facts alleged in the Complaint, and as discussed below, the court grants Sandowski leave to amend should he wish to bring these claims under other laws.  However, because Sandowski's claims of perjury, obstruction of justice, physical assault, and abuse of authority are asserted only under Title VII and are not viable under that law, the claims are dismissed.

> **D. The Court Grants Sandowski Leave to File An Amended Complaint.**

On or before September 28, 2018, Sandowski may file an amended complaint should he wish to bring additional viable claims against the named individuals or under other federal laws.  Sandowski may of course opt not to amend the Complaint, in which case this matter will proceed with the Title VII claims of unequal treatment, retaliation, and wrongful termination against Nielsen.

If Sandowski files an amended complaint, he may not reassert Title VII claims against the individual TSA employees.  Any non-Title VII claims or newly alleged Title VII claims must take into account the issues raised by the present order.  In assessing whether other viable claims exist, Sandowski may well

want to keep in mind any time limitations or other bars set by the applicable law.

Any amended complaint must be complete in itself and may not simply incorporate by reference any other material previously-filed in this case. In other words, the amended complaint must be free-standing and encompass all claims that Sandowski wishes to pursue; the amended complaint would effectively replace the original Complaint.

**V.    CONCLUSION.**

Nielsen's motion to partially dismiss the Complaint is granted. As a result, the only remaining Defendant is Nielsen, and Sandowski's remaining Title VII claims are the claims of unequal treatment, retaliation, and wrongful termination. Sandowski may filed an amended complaint on or before September 28, 2018.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 6, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Richard J. Sandowski v. Kirstjen M. Nielsen, et al., Civ. No. 17-00469 SOM-RLP; ORDER GRANTING DEFENDANT KIRSTJEN NIELSEN'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT AND GRANTING LEAVE TO AMEND.