IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD J. SANDOWSKI,           )<br>                                                        )<br>            Plaintiff,                        )<br>   vs.                                             )<br>                                                        )<br>KEVIN K. MCALEENAN, ACTING )<br>SECRETARY OF HOMELAND     )<br>SECURITY, et al.,                       )<br>                                                        )<br>            Defendants.                    )<br>_____ ) | CIVIL NO. 17-00469 SOM-WRP<br><br>ORDER REGARDING STATUS OF<br>PLAINTIFF'S COUNSEL |

**ORDER REGARDING STATUS OF PLAINTIFF'S COUNSEL**

This court directs Plaintiff's counsel to clarify her status as a member of the bar of the State of Hawaii no later than September 10, 2019.

This court's understanding is that Plaintiff's counsel has been a member of the bar of the State of Nevada since 1999, and a member of the bar of the State of Hawaii since 2014. On July 5, 2019, Plaintiff's counsel was suspended by the Nevada Supreme Court for six months and one day for violating her obligation to safekeep clients' property. Under Rule 2.15 of the Rules of the Hawaii Supreme Court, Plaintiff's counsel was required to notify Hawaii's Office of Disciplinary Counsel "promptly" of this Nevada suspension. ODC, in turn, would notify the Hawaii Supreme Court, which, in accordance with Rule 2.15, could then direct the attorney to inform the Hawaii Supreme Court within 30 days "of any claim by the

attorney that an equivalent or substantially equivalent order in this state would be unwarranted and the reasons therefor." If the Hawaii Supreme Court ordered a reciprocal suspension of Plaintiff's counsel, this court would be notified, so that this court could determine whether disciplinary action in this court should issue.

No later than September 10, 2013, Plaintiff's counsel must file a document stating whether she has provided ODC with the notice required by Rule 2.15 of the Rules of the Supreme Court of the State of Hawai`i, and the date on which such notice was provided. In the same filing, Plaintiff's counsel must state whether she has provided her client, Richard J. Sandowski, with the notice required by Rule 2.16 of the Rules of the Supreme Court of the State of Hawai`i. This court has determined that the present case is the only pending case involving Plaintiff's counsel in this court.

Until Plaintiff's counsel's status has been clarified, this court will take no action on the pending defense motion, which was scheduled to be argued on September 3, 2019, at 10:30 a.m. The court notes that, on August 31, 2019, Plaintiff's counsel filed a stipulation purporting to continue the September 3 hearing for no more than three weeks. Although the parties may have discussed that schedule, this court had earlier had court staff contact the attorneys for both sides to say that the court would continue the hearing for more than three weeks

(until October 7, 2019, at 9 a.m.), but that Plaintiff's counsel's opposition memorandum, which, under local court rules, should have been filed by August 13, 2019, would be due by September 3, 2019, and that an optional defense reply memorandum could be filed no later than September 10, 2013. Not only was the October 7 date absent from the stipulation, the briefing deadlines provided by the court were not included. There was a line for a judge's signature on the stipulation, but it was blank. Indeed, this court did not approve the stipulation at all. This court did not even see the document until shortly before the hearing on September 3, which was the first working day after Labor Day. The document had been filed electronically the Saturday immediately before Labor Day.

Court staff contacted Plaintiff's counsel by phone on September 3 to say that, because no stipulated continuance was in effect, the hearing would proceed on September 3. Plaintiff's counsel indicated that she was out of the country and asked to appear by phone, which was allowed. However, when court staff then tried to contact Plaintiff's counsel by phone, email, and text message for the 10:30 a.m. hearing, there was no response. This means that, quite apart from questions about her status, Plaintiff's counsel skipped the hearing, compounding her failure to meet her briefing deadline.

Later on September 3, Plaintiff's counsel called the court, presumably to participate in the hearing.  By then, the hearing had concluded.

The Clerk of Court is directed to send a copy of this order to the attorneys of record, as well as to Richard J. Sandowski, 175 Iwalani Street, Hilo, HI 96720.

DATED: Honolulu, Hawaii; September 3, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Richard J. Sandowski v. Kevin K. McAleenan, Acting Secretary of Homeland Security, et al.; Civil No. 17-00469 SOM-WRP; ORDER REGARDING STATUS OF PLAINTIFF'S COUNSEL